Plaintiff-appellant, the state of Ohio ("appellant"), appeals a decision of the Warren County Court of Common Pleas finding that defendant-appellee, Marshall Carroll ("appellee"), is not a sexual predator pursuant to R.C. 2950.01(E)(1) and R.C.2950.09(C). Appellant was convicted and sentenced prior to January 1, 1997 for sexually-oriented offenses and is currently serving a term of imprisonment. We reverse and remand the case for further proceedings consistent with this opinion.
In July 1984, appellee was found guilty of one count of rape and three counts of gross sexual imposition ("GSI"). He was sentenced to a term of ten to twenty-five years of incarceration on the rape count, two years of incarceration on each of two GSI counts, and one year of incarceration for the third GSI count. All sentences were to run consecutively. Appellant's offenses involved sexual conduct with three children: a six-year-old boy, a seven-year-old girl, and a nine-year-old girl.
Evidence demonstrated that appellant was traveling with others and was under the influence of drugs and alcohol. Appellant and his companions stopped at the Williams home in Warren County, Ohio. During the course of the night, appellant entered the bedroom where the children slept, and molested the three children. Appellant fondled the nine-year-old girl, performed cunnilingus on the seven-year-old girl, and engaged in anal intercourse with the six-year-old boy.
On November 3, 1997, the Ohio Department of Rehabilitation and Correction recommended that appellee be adjudicated a sexual predator. Adjudicatory hearings were held in the trial court on May 29 and August 25, 1998. Joanne V. Hash, Assistant Prosecutor, testified as to the nature of appellee's offenses and the evidence adduced at the original trial. Danny Brabson, Social Work Supervisor at Ross Correctional Institution ("RCI"), testified about programs which appellee has participated in during his imprisonment. Dr. Sidney A. Thrower, Ph.D., Psychology Supervisor and Director of Mental Health Services at RCI, testified that appellee displayed a variety of behavioral factors which would make appellee more likely to re-offend, but he could not predict that appellee would commit any future sex crimes. A pre-parole psychological report and recommendation to deny parole were introduced by appellant, and appellee submitted copies of certificates from the programs in which he has participated in and degrees he has received while in prison.
On September 18, 1998, the trial court filed its decision finding that appellee was not a sexual predator as defined by R.C. 2950.01(E). The trial court noted that although appellee's crimes involved three children, the trial court felt that they were part of a single, drug-induced incident. The trial court further noted that appellant did not present any evidence of other similar conduct by appellee. The trial court found it important that Dr. Thrower was unable to conclude that appellee would engage in similar sexual offenses in the future.
Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT"S [sic] FINDING THAT DEFENDANT-APPELLEE WAS NOT A SEXUAL PREDATOR CONTRAVENES THE MANDATES OF OHIO REV. CODE § 2950.09(B)(2) BECAUSE THE STATE PRESENTED CLEAR AND CONVINCING EVIDENCE THAT DEFENDANT-APPELLEE WAS A SEXUAL PREDATOR AS DEFINED BY THE STATUTE AND WAS SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
In its assignment of error, appellant contends that sufficient evidence was presented to find appellee a sexual predator, and that the trial court's decision to the contrary was against the manifest weight of the evidence. Because appellant's assignment of error challenges the trial court's decision on both sufficiency of the evidence and manifest weight of the evidence grounds, we will address both issues in turn.
In the context of a challenge to the sufficiency of the evidence,
 "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go the jury or whether the evidence is legally sufficient to support the [judgment] as a matter of law. * * * In essence, sufficiency is a test of adequacy.
State v. Thompkins (1997), 78 Ohio St.3d 380, 386, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In reWilliam S. (1996), 75 Ohio St.3d 95, 99.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it is less than evidence "beyond a reasonable doubt." State v.Danby (1983), 11 Ohio App.3d 38, 41, citing Cross,161 Ohio St. at 477.
We must review the record to determine whether appellant presented evidence sufficient to meet its burden of production: clear and convincing evidence that the defendant is a sexual predator. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2). R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1).
After evidence is presented, the trial court is required to consider the above factors in making its determination. R.C.2950.09(C)(2)(b). In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j) the trial court may look into the defendant's past behavior. State v.Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 2, affirmed, 84 Ohio St.3d 19. The trial court is not required to find that evidence was presented to support a majority of the factors listed in R.C. 2950.09(B)(2). Statev. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported.
At appellee's sexual predator hearing, appellant presented evidence of the nature of appellee's offenses. The prosecutor specifically brought to the trial court's attention several of the factors listed in R.C. 2950.09(B)(2), including personality characteristics which weighed in favor of finding appellee to be a sexual predator. The prosecutor noted the ages of the victims, the nature of the sexual offenses, and that appellee sought to prevent the children from telling anyone about the sexual conduct. Appellee sought to rebut appellant's evidence by showing that he made productive use of his time in prison, obtaining two degrees and participating in substance abuse and religious programs.
The evidence also included the testimony of two professionals. Dr. Thrower, the RCI Director of Mental Health Services, testified that appellee exhibits behavioral traits which indicate a greater risk of recidivism, although he was reluctant to make a definitive statement that appellee will re-offend. These behavioral traits included appellee's impulsive and compulsive tendencies and level of immaturity. Dr. Thrower also testified that appellant is easily influenced, and that these behavioral patterns led to an attempted escape in 1995. Dr. Thrower further testified that the nature of appellee's offenses would label him a pedophile, and that his chances of committing future offenses increase if he is under the influence of drugs or alcohol.
Brabson, the RCI social work supervisor, testified about the programs appellee has participated in during his incarceration. Brabson testified that appellee had participated in only the first level of the sexual offender programs, and he had not taken part in actual counseling. Appellee introduced certificates from substance abuse and religious programs he has joined.
Appellant presented the trial court with a psychological evaluation of appellee prepared by Dr. Thrower for the parole board. In this report, Dr. Thrower included many of the same concerns raised before the trial court. The report suggested that several conditions be imposed upon appellee should he be paroled, including evaluating and monitoring the possibility of substance abuse and his negative behavioral patterns. Appellant also introduced the recommendation of the parole board that appellee be denied parole because there had not been a change in circumstances significant enough to warrant reconsidering previous decisions to deny parole.
In its decision, the trial court discussed the findings which supported its decision to not deem appellee a sexual predator. The trial court noted that appellee's offenses took place in a single course of conduct while he was under the influence of alcohol and drugs. The trial court also placed great reliance on the statement of Dr. Thrower that he could not conclusively state that appellee would commit future offenses. Although we do not disagree with these findings, we find that the trial court failed to properly consider the factors listed in R.C.2950.09(B)(2).
The evidence introduced at the hearing proved a number of the factors listed in R.C. 2950.09(B)(2). Although appellee did not have a prior criminal record, his three victims were all under ten years old. R.C. 2950.09(B)(2)(c) and (d). Evaluations since the sexual offenses have demonstrated that appellee displays personality characteristics which led his examiners to conclude that there is a greater chance that appellee will be a recidivist, especially if placed in circumstances similar to that in which his crime was committed. R.C. 2950.09(B)(2)(j). Although appellee's conduct did not demonstrate a history of abuse, it did involve both oral and anal abuse of the children, and appellee sought to prevent the children from revealing his conduct. R.C. 2950.09(B)(2)(h). Other evidence established that appellee has not completed any sexual offender counseling, remains immature and complaining, and suffers from compulsive and impulsive tendencies. Furthermore, he is hostile and uncooperative under stress, and he has commented that he entered counseling programs only to impress the parole board.
After thoroughly reviewing the transcript of the adjudicatory hearing and the exhibits, we are satisfied that appellant presented sufficient evidence to meet its burden of production that appellee is a sexual predator. The trial court's decision demonstrates that it failed to properly consider the factors contained in R.C. 2950.09(B)(2).
Appellant also contends that the decision of the trial court was against the manifest weight of the evidence. In response, appellee asserts that, even if appellant presented clear and convincing evidence that he was a sexual predator, he presented evidence contradicting that of appellant and which supported the trial court's decision.
In civil proceedings, such as sexual predator adjudications, App. R. 12(C) governs an appellate court's review of the record in a manifest weight of the evidence challenge:
 In any civil action or proceeding which was tried to the trial court without the intervention of a jury, and when upon appeal a majority of the judges hearing the appeal find that the judgment or final order rendered by the trial court is against the weight of the evidence and do not find any other prejudicial error of the trial court in any of the particulars assigned and argued in the appellant's brief, and do not find that the appellee is entitled to judgment or final order as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and either weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence or remand the case to the trial court for further proceedings; provided further that a judgment shall be reversed only once on the manifest weight of the evidence.
Thus, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented.Thompkins, 78 Ohio St.3d at 386-87. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [proceeding] ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. In sum, when examining the record, the appellate court determines whether appellant has met its burden of persuasion. See Thompkins,78 Ohio St.3d 390 (Cook, J., concurring).
Where a judgment is supported by competent, credible evidence going to all essential elements to be proven, the judgment will not be reversed as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.3d 279, syllabus. In its inquiry, the reviewing court presumes that the trial court's findings of fact were correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,79-80. If the evidence is susceptible to more than one construction, the reviewing court must give the evidence an interpretation consistent with the trial court's judgment and most favorable to sustaining the judgment. Id. at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d (178), 191-192, Appellate Review, Section 603. In a manifest weight of the evidence inquiry, the appellate court may review the record to determine whether the trial court's findings are supported by evidence in the record and render decision, or the appellate court may reverse the trial court's judgment and remand the case for further proceedings. App. R. 12(C); Trumbull Cty. Bd. of Healthv. Snyder (1996), 74 Ohio St.3d 357, 360.
R.C. 2950.09(C)(2) specifically provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Therefore, we review the record to determine whether, after both parties have presented their cases, there remains clear and convincing evidence to support appellant's contention that appellee is a sexual predator. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross, 161 Ohio St. 469, paragraph three of the syllabus. Therefore, clear and convincing evidence will be found, as a matter of law, where the record does not demonstrate that there is a sufficient conflict in the evidence presented. Cross at 479.
Upon a thorough review of the record, we find that the trial court's decision was against the manifest weight of the evidence. The trial court was correct that Dr. Thrower was hesitant to state conclusively that appellee would commit future sexual offenses. However, it is clear from Dr. Thrower's testimony that the basis for his statement was the inexactitude of his field of practice, not facts specific to appellee. In fact, Dr. Thrower testified that, based upon appellee's personality and behavioral characteristics, there is a likelihood that he will be a recidivist. The testimony of Dr. Thrower was supported by that of Brabson, who testified that appellee has not taken part in any significant counseling for sexual offenders during his incarceration.
The prosecution also presented a significant amount of evidence which weighed in favor of finding some of the statutory factors listed in R.C. 2950.09(B)(2). At the time of the offenses, appellee was significantly older than his victims, all of whom were of tender years. Although this was only a single incident, three children were involved, each of whom was abused in a manner different from the others. Furthermore, appellee sought to prevent the children from revealing what he had done to them. We recognize that appellee does not have a criminal record other than the present convictions, but the circumstances of appellee's offenses are not insignificant.
Furthermore, Dr. Thrower testified that the nature of appellee's conduct would classify him as a pedophile. We also recognize that appellee committed these offenses while he was under the influence of drugs and alcohol, and that he has received substance abuse counseling during his incarceration. Appellee's motives for seeking such treatment, as pointed out by the prosecutor, may be suspect. Dr. Thrower found that appellee would be more likely to again commit sexual offenses if under the influence of alcohol or drugs. Thus, the manifest weight of the evidence would lead a reasonable fact finder to conclude that appellee is a sexual predator.
In light of the foregoing, we find that the trial court incorrectly determined that appellee was not a sexual predator. Appellee did present some evidence which might tend to show that he may not commit future sexual offenses, but such evidence did not overcome the substantial evidence presented by appellant that appellee should be classified as a sexual predator.
Therefore, we find that appellant proved by clear and convincing evidence that appellee is a sexual predator as defined by R.C. 2950.01(E). Appellant is therefore found to be a sexual predator and this cause is remanded to the trial court for further proceedings consistent with this opinion. Accordingly, appellant's assignment of error is sustained.
Judgment reversed and remanded.
WALSH and VALEN, JJ., concur.